UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:17-cv-01385-EAK-AEP

KATHY SORIANO,

        Plaintiff,

vs.

JAI SANTOSHI MA II LLC,

        Defendant.
_____/

## FINAL DEFAULT JUDGMENT

THIS CAUSE came before the Court on the Plaintiff's Motion for Entry of Judgment After Default, and the Court having considered the motion, having reviewed the pleadings, papers and supporting declaration filed herein, being otherwise duly advised in the premises, it is hereby

FOUND, ORDERED AND ADJUDGED as follows:

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, for Plaintiff's claims arising under 28 U.S.C. §12181, *et seq.*, based upon Defendant's violation of Title III of 42 U.S.C. §§ 12182, *et seq.*

2. Defendant is the owner, operator, lessor and/or lessee of the real property and improvements which are the subject of this action (hereinafter, the "Facility").

3. Defendant has discriminated against the Plaintiff, who is an individual with a disability, by denying full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the subject Facility as provided by 42 U.S.C. §§12182, *et seq.*, and by failing to remove architectural barriers and thereby providing Plaintiff appropriate access to the subject Facility, as required by 42 U.S.C. §12182(b)(2)(A)(iv). Specifically, the Court finds that the alleged ADA violations identified in the Complaint must be remediated by Defendant in compliance with

the ADA 2010 Standards:

    a. There are an insufficient amount of accessible parking spaces. 2010 Standards sections 208.2 and 502 and Table 208.2.

    b. Parking spaces designated as accessible are not, in fact, accessible. 2010 Standards sections 208 and 502.

    c. The parking spaces designated as accessible lack clear and level access aisles. 2010 Standards section 502.3 and 502.4.

    d. There is not an accessible route throughout the site and facility. 2010 Standards sections 206 and 402.

    e. There is not a properly designed and sloped ramp from the parking area to the Facility. 2010 Standards sections 208, 405 and 406.

    f. There are doors that are inaccessible. 2010 Standards sections 206.5 and 404.

    g. Counters where customer service and/or transactions occur are inaccessible. 2010 Standards sections 227 and 904.

    h. Restrooms at the Facility are not accessible. 2010 Standards.

    i. There are designated accessible parking spaces that have faded paint and have not been maintained, in violation of Section 36.211 of the 2010 Standards, which remedy is readily achievable.

    j. The designated accessible parking spaces are not located on the shortest accessible route closest to the accessible entrance they serve, in violation of Section 208.3.1 of the 2010 Standards, which remedy is readily achievable.

    k. There are designated accessible parking spaces that do not have the required signage identifying them as accessible, in violation of Section 216.5, 502.6 and 703.7.2.1 of the 2010 Standards, whose remedy is readily achievable.

    l. The parking facility does not provide the required "Van Accessible" designation signage identifying one of the accessible parking spaces as "Van" accessible, in violation of Section 208.2.4 and 502.6 of the 2010 Standards, which remedy is readily achievable.

    m. The parking facility does not provide a designated accessible "Van" parking space as required, violating Section 502.2 of the 2010 Standards, which remedy is readily achievable.

n. There are designated accessible parking spaces that do not provide a required 60" marked access aisle adjacent to the spaces, violating Section 502.3 of the 2010 Standards, which remedy is readily achievable.

o. The designated accessible parking spaces and access aisles have an uneven surface violating Section 502.4 of the 2010 Standards, which remedy is readily achievable.

p. There are designated accessible parking spaces that do not lead to an accessible route due to the built up curb ramp projecting into the spaces, violating Sections 502.3 and 406.5 of the 2010 Standards, which remedy is readily achievable.

q. The passenger loading zone does not provide a 60" marked access aisle adjacent to the vehicle pull-up space, and is not connected to an accessible route due to the vertical change in level of the curb, violating Section 503.3 of the 2010 Standards, which remedy is readily achievable.

r. The facility does not maintain the elements that are required to be readily accessible and useable by persons with disabilities in violation of Section 36.211 of the ADAAG.

s. There is not at least one accessible route from some of the designated accessible parking spaces to the facility entrance they serve, due to the built up curb ramps projecting into the spaces, violating Section 206.2.1 and 406.5 of the 2010 Standards, which remedy is readily achievable.

t. There is not continuous path of travel connecting all essential elements of the facility, violating Section 206.2.2 of the 2010 Standards, which remedy is readily achievable.

u. There are built up curb ramps that have surface slopes exceeding the maximum allowance of 1:12, violating Section 405.2 0f the 2010 Standards, which remedy is readily achievable.

v. There are built up curb ramps that have an uneven surface, as well as, a change in level at the terminus of the ramp, in violation of Sections 303.3 and 405.4 of the 2010 Standards, which remedy is readily achievable.

w. There are built up curb ramps that have side flares steeper than maximum allowance of 1:10, violating Section 406.3 of the 2010 Standards, which remedy is readily achievable.

x. The facility's exterior stairway do not provide compliant handrail extensions at both the top and bottom as required, in violation of Section 504.6of the 2010 Standards, which remedy is readily achievable.

y. There are entrances to the facility that do not provide compliant directional and informational signage, nor the International Symbol of Accessibility, violating Sections 216.6 and 703.7.2.1 of the 2010 Standards, which remedy is readily achievable.

z. There are entrance doors at this facility that have a change in level at the threshold exceeding the maximum allowance of ½", violating Section 404.2.5 of the 2010 Standards, which remedy is readily achievable.

aa. There are entrance doors at this facility that have door hardware that require tight grasping and pinching to operate, violating Section 404.2.7 of the 2010 Standards, which remedy is readily achievable.

bb. This facility does not provide at least 60% of its entrances to be accessible as required by Section 206.4.1 and 404 of the 2010 Standards, which remedy is readily achievable, which remedy is remedy is readily achievable.

cc. The customer service counter exceeds the maximum height allowance of 36" and does not provide an alternate counter, violating Sections 904.4.1 and 904.4.2 of the 2010 Standards, which remedy is readily achievable.

dd. The outdoor swimming pool area does not provide at least 5% of the seating spaces at the dining surfaces with compliant knee and toe clearance as required, violating Section 902.2 of the 2010 Standards, which remedy is readily achievable.

ee. The entry gate to the swimming pool does not provide the required 18" of latch side maneuvering clearance, violating Section 404.2.4 of the 2010 ADA Standards, which remedy is readily achievable.

ff. The entry gate to the swimming pool has gate hardware that requires tight grasping, pinching and twisting of the wrist and is not provided on both sides as required, violating Sections 309.4 and 404.2.7 of the 2010 Standards, which remedy is readily achievable.

gg. The swimming pool lift provided is not in working condition and ready for use during all of the hours of pool operation as required in Section 36.211 and the ADA Requirements for accessible Pools updated May 24, 2012, which remedy is readily achievable.

hh. This facility does not provide a guest room with a compliant roll-in shower, violating Sections 806.2.4 and 224.2 of the 2010 Standards, which remedy is readily achievable.

4. Defendant shall have three (3) months from the date that this Order is entered to complete the remediation to the Facility required hereby. Upon completion, Defendant shall file a

4

verified certificate of completion with the Court acknowledging that all work has been completed. The time period for completion by Defendant shall be subject to acts of God, *force majeure*, or events beyond the control of Defendant such as inability to obtain building or zoning permits, failure of the city/ county inspectors to make inspections, contractor defaults or work stoppages. In the event of such unforeseen circumstances, the time period for completion of the barrier removal, alterations and modifications provided in Paragraph 1 will be extended by the number of days reasonably attributable to such delay-causing event as long as Defendant immediately files a motion with the Court for an extension of time, before the expiration of the deadline to comply, and provides written notice to Plaintiff, which includes the specific reasons for the delay, the estimated time for completion and Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

5. The Court finds that Plaintiff is the prevailing party, and that Plaintiff is therefore entitled to recover their reasonable attorneys' fees, litigation expenses and costs from Defendant, and this Court retains jurisdiction for the determination and award thereof.

ORDERED this 6th day of November, 2017.

    _s/L.DeJesus_____
    Deputy Clerk


cc: Counsel of Record

    Jai Santoshi MA II LLC
    c/o its registered agent: Kumar Rajesh
    198 W. Hillsborough Avenue
    Tampa, Florida 33605